STEVEN T. GUBNER, ESQ.-State Bar No. 156593
BARAK VAUGHN, ESQ.-State Bar No. 227926
**EZRA | BRUTZKUS | GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099

Attorneys for David R. Hagen,
Chapter 7 Trustee



## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:06-bk-10733-GM |
| MERIDIAN HEALTH CARE MANAGEMENT, INC., | Chapter 7 |
| Debtor. | Adv. No. |
| DAVID R. HAGEN, Chapter 7 Trustee, Plaintiff, vs. NAUTIC PARTNERS, LLC, a California Limited Liability Company; CHISHOLM PARTNERS IV, L.P., a California Limited Partnership; FLEET VENTURE RESOURCES, INC., a California Corporation; FLEET EQUITY PARTNERS VI, L.P., a California Limited Partnership; KENNEDY PLAZA PARTNERS, II, LLC, a California Limited Liability Company, SCOTT HILINSKI, an individual; BRIAN SATO, an individual, MICHAEL ALPER, an individual; NORTHRIDGE MEDICAL GROUP, INC., a California Professional Medical Corporation; FAMILY/SENIORS MEDICAL GROUP, INC., a California Professional Medical Corporation, Defendants. | **NOTICE OF REMOVAL TO THE UNITED STATES BANKRUPTCY COURT [28 U.S.C. § 1452(a), Fed. R. Bankr. P. 9027(a) and Local Bankruptcy Rule 9027-1]** (Re *E4E Incorporated. v. Meridian Health Care Management, Inc., et al..*, LASC Case No. BC345617 (All process and pleadings from the underlying case filed under separate cover) [No Hearing Required] |

1

**TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT:**

PLEASE TAKE NOTICE that David R. Hagen, the duly appointed and acting Chapter 7 trustee ("**Trustee**") for the above-captioned debtor (the "**Debtor**"), by and through his counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1452(a), Federal Rule of Bankruptcy Procedure 9027(a) and Local Bankruptcy Rule 9027-1. Trustee hereby removes to the United States Bankruptcy Court, Central District of California, San Fernando Valley Division, all claims and causes of action in the civil action styled:

> *E4E Incorporated. v. Meridian Health Care Management, Inc., et al..*,
> LASC Case No. BC345617, pending in the Superior Court of Los
> Angeles, Central District (the "State Court Action").

The grounds for removal of the State Court Action are as follows:

1. The State Court Action, initially filed on January 9, 2006, by the E4E Corporation. ("**E4E**") against Debtor, Nautic Partners LLC, Scott Hilinski, Brian Sato, Michael J. Alper, Chisholm Partners, IV, L.P., Fleet Equity Partners VI, L.P., Fleet Venture Resources, Inc., and Kennedy Plaza Partners II, LLC (collectively "Defendants"), began as an action for contractual fraud related to the defendants' alleged active concealment of a number of material representations concerning the business and financial conditions of Debtor, the truth and accuracy of which purportedly FSMG reasonably relied upon in deciding to enter into an Agreement and Plan of Reorganization ("Agreement").

2. E4E filed its complaint in the Superior Court of California, County of Los Angeles, Central District, seeking relief based on rescission, fraud in the inducement, failure to fulfill conditions precedent, mistake, negligent misrepresentation, state securities fraud, fraud, conspiracy to commit fraud, breach of contract, unjust enrichment, and imposition of a constructive trust against Debtor, the former officers and directors of Debtor, and related business entities.

2

3.   On May 16, 2006, Debtor filed a petition under Chapter 7, Title 11, of the United States Code, in the United Bankruptcy Court for the Central District of California. The Debtor's bankruptcy case is being administered under the caption *In Re: Meridian Health Care Management, Inc.*, Case No. 1:06-bk-10733-GM. Despite the pending Bankruptcy Case, the Trustee was never served with the initial pleadings in the State Court Action. Further, pursuant to Federal Rules of Bankruptcy Procedure, Rule 9027(a)(1)(B), the matter is currently stayed and the Trustee would have thirty (30) days after entry of an order terminating a stay, in which to seek removal. Thus, the time has not elapsed within which the Trustee is permitted to file this application for removal of said State Court Action to this Court pursuant to Fed. R. Bnkr. P. 9027(a)(3); 28 U.S.C. § 1452; *In re Princess Louis Corp.* 77 B.R. 766 (Bnkr. C.D. 1987).

4.   The E4E litigation is likely to be resolved, in substantial part, in Debtor's bankruptcy proceeding. The Debtor's claims against its former officers and directors, as well its claims for reimbursement of insurance proceeds, are claimed assets of the estate. Declarations regarding coverage for Director and Officer Insurance ("D & O") claims may have a significant effect in the administration of the bankruptcy estate due to the multiple numbers of officers and directors of the Debtor and the possibility that many of Debtor's officers and directors will file proofs of claim in Debtor's bankruptcy case.

5.   Pursuant to this Notice of Removal, the Trustee removes the State Court Action. The State Court Action is a core proceeding, because it concerns the property of the Estate, causes of action that belong to the Estate, and claims identical to those that the Trustee will forthwith file, that include, but are not limited to, those causes of action against Debtor's former officers and directors. The State Court Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) and (O). If the State Court Action is not a core proceeding, then the Trustee does not consent to the entry of final orders and judgment pertaining to same by the Bankruptcy Court.

6.   This Notice of Removal is accompanied by a copy of process and pleadings in the State Court Action in accordance with Fed. R. Bankr. P. 9027(a)(1).

7. The State Court Action, including all claims and causes of action asserted therein, are civil actions other than a proceeding before the United States Tax Court and are not civil actions by a governmental unit to enforce such governmental unit's police or regulatory power. The State Court Action is of a civil nature over which the Bankruptcy Court has jurisdiction in that it is related to the Debtor's Chapter 7 case which is now pending. The Bankruptcy Court presiding over the Debtor's Chapter 7 case pursuant to the general reference with respect to Title 11 cases in effect in the Central District of California and 28 U.S.C. § 157(a), has jurisdiction of each and every cause of action asserted in the State Court under 28 U.S.C. § 1334.

**NOW THEREFORE**, all parties to the State Court Action are **HEREBY NOTIFIED**, pursuant to Fed. R. Bankr. P. 9027(c) as follows:

A. Removal of the State Court Action is effected upon the filing of this Notice of Removal with the Clerk of the Court for the United States Bankruptcy Court, Central District of California. The State Court Action is removed from the Superior Court to the Bankruptcy Court as of the date stamped by the Court in the upper right-hand corner of this first page.

B. The parties to the State Court Action shall proceed no further in the Superior Court unless and until the State Court Action is remanded by the Bankruptcy Court.

DATED: March 7, 2007                     **EZRA |BRUTZKUS | GUBNER LLP**

By:_____
Steve T. Gubner
Barak Vaughn
Attorneys for David R. Hagen
Chapter 7 Trustee

Case 1:07-ap-01048-GM   Doc 1   Filed 03/08/07   Entered 03/08/07 14:38:27   Desc
Main Document      Page 5 of 6

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>DAVID R. HAGEN, Chapter 7 Trustee | DEFENDANTS<br>NAUTIC PARTNERS, LLC, a California Limited Liability Company;<br>(Defendants continue on attached list) |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>BARAK VAUGHN (SBN 227926)<br>EZRA \| BRUTZKUS \| GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, California 91367<br>(818) 827-9000 | ATTORNEYS (If Known)<br><br>RECEIVED<br>MAR - 8 2007 |
| PARTY (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[X] Trustee | PARTY (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [X] Other Officers and<br>[ ] Trustee      Directors of Debtor |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

NOTICE OF REMOVAL TO THE UNITED STATES BANKRUPTCY COURT
[28 U.S.C. § 1452(a), Fed. R. Bankr. P. 9027(a) and Local Bankruptcy Rule 9027-1]

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – reinstatement of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[X] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand  $ |

**Other Relief Sought**

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>MERIDIAN HEALTH CARE MANAGEMENT, INC. | BANKRUPTCY CASE NO.<br>1:06-bk-10733-GM | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISIONAL OFFICE<br>SAN FERNANDO VALLEY | NAME OF JUDGE<br>GERALDINE MUND |

B104

| In Re: | CASE NUMBER: |
|---|---|
| MERIDIAN HEALTH CARE MANAGEMENT, INC. | 1:06-bk-10733-GM |

**DEFENDANTS:**

CHISHOLM PARTNERS IV, L.P., a California Limited Partnership;
FLEET VENTURE RESOURCES, INC., a California Corporation;
FLEET EQUITY PARTNERS VI, L.P., a California Limited Partnership;
KENNEDY PLAZA PARTNERS, II, LLC, a California Limited Liability Company;
SCOTT HILINSKI, an individual; BRIAN SATO, an individual;
MICHAEL ALPER, an individual; NORTHRIDGE MEDICAL GROUP, INC., a California Professional Medical Corporation; FAMILY/SENIORS MEDICAL GROUP, INC., a California Professional Medical Corporation